**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 19-cv-00378-RM-STV

MAKEEN INVESTMENT GROUP, LLC
as Trustee of THE MAKEEN FAMILY CHILDRENS TRUST, and
the MAKEEN FAMILY TRUST and
AKEEM MAKEEN,

    Plaintiffs,

v.

STATE OF COLORADO,
MICHAEL JAMES VALLEJOS,
ELIZABETH ANNE STARRS,
ELIZABETH BEEBE VOLZ,
MAX MINNIG, JR.& ASSOCIATES, LLC, and
MAX A. MINNIG, JR,

    Defendants.

___

## ORDER
___

This matter is before the Court on Plaintiffs' "Reconsideration of the Court Order of April 3, 2019 to Strike the Objection to the Magistrate Judge's Proposed Findings and Recommendations" (the "Motion") (ECF No. 23). The Motion was filed in response to the Court's Minute Order (ECF No. 22) striking as untimely Plaintiffs' Objection (ECF No. 21) to the Recommendation of United States Magistrate Judge. The Court had denied Plaintiff Makeen Investment Group, LLC's (the "LLC") motion for extension of time to file any objection and granted Plaintiff Makeen an extension of time but only until Friday, March 29, 2019. For the

reasons stated herein, after consideration of the Motion, the court record, and the applicable rules and case law, the Court DENIES the Motion.

"The Federal Rules of Civil Procedure recognize no motion for reconsideration." *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995) (citation and quotation marks omitted). Nonetheless, "the court retains the power to alter rulings until final judgment is entered on a cause." *Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (emphasis added) (citing Fed. R. Civ. P. 54(b)). "'Grounds warranting a…motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1212 (10th Cir. 2012) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Such motions may not, however, "merely advance[] new arguments" or provide "supporting facts which were available at the time of the original motion." *Servants of the Paraclete,* 204 F.3d at 1012; *see also Matasantos Comm. Corp. v. Applebee's Int'l, Inc.*, 245 F.3d 1203, 1209 n.2 (10th Cir. 2001) ("A motion for reconsideration is not, however, an opportunity for the losing party to raise new arguments that could have been presented originally."). "Absent extraordinary circumstances, ... the basis for the second motion must not have been available at the time the first motion was filed." *Servants of Paraclete*, 204 F.3d at 1012.

In this case, Plaintiffs assert reconsideration is warranted but fail to show the Court should do so. First, Plaintiffs fail to address much less show that any ground for reconsideration is met.[1] Instead, Plaintiffs argue "excusable neglect or good cause," but that is not the standard.

Next, Plaintiffs' information which they currently present was certainly available to them at the time their motion for extension of time was filed. Moreover, the information presented here is different from that presented before the Court in Plaintiffs' motion to extension of time. There, Plaintiffs argue both *Plaintiffs* needed additional time due to their conclusory assertion of *their alleged illness*. Here, Plaintiffs contend it was *counsel* for Plaintiff LLC who was ill.[2] Regardless, the Court denied in whole or in part Plaintiffs' motion for extension of time as they failed to show good cause; thus, Plaintiffs' untimely Objection was stricken.

This brings the Court to the third, and final, reason for denial of the Motion. Plaintiffs assert they never saw or received the Court's March 26, 2019, Minute Order denying their Motion and that Mr. Makeen was "under the impression" he had seven (7) days, until April 2, 2019, to object. The Court finds the assertion that both Plaintiffs failed to see or receive the Minute Order implausible. Further, Plaintiffs offer no reason why they failed to check the CM/ECF filing system to ascertain whether their motion for extension of time was ruled upon. That would merely have taken a few key strokes and clicks of a mouse. Instead, it appears the parties (and counsel) assumed their motion for extension of time would be granted. It is axiomatic that parties should not assume – or presume – the Court will grant a motion merely because it is presented for consideration. It is therefore

---

[1] Mr. Makeen appears *pro se* but he must nonetheless "follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quotation marks and citation omitted). Plaintiff LLC, however, is represented by counsel. The Court also notes this is a joint motion.

[2] The Motion again states that "Plaintiffs have been sick" but, of course, attorney Holden is not a Plaintiff.

ORDERED that Plaintiffs' "Reconsideration of the Court Order of April 3, 2019 to Strike the Objection to the Magistrate Judge's Proposed Findings and Recommendations" (ECF No. 23) is DENIED.

DATED this 4th day of April, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge